UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| AARON J. MILLER, | ) |
| | ) |
| Petitioner | ) |
| | ) |
| v. | ) Civil No. 08-105-B-W |
| | ) |
| COMMISSIONER MARTIN | ) |
| MAGNUSSON AND WARDEN | ) |
| JEFFREY MERRILL, | ) |
| | ) |
| Respondents | ) |

**<u>RECOMMENDED DECISION ON 28 U.S.C. § 2254 PETITION</u>**

Aaron Miller has filed a 28 U.S.C. § 2254 petition seeking federal habeas relief from his

1999 conviction in the State of Maine.  Miller was sentenced on April 30, 1999.  After a

preliminary review of the petition it appeared to me that Miller's petition was time-barred under

28 U.S.C. § 2244(d)(1).  Accordingly, I entered an order to supplement the record asking the

State of Maine to provide the court with the state court record and the State has done so.

*Discussion*

As relevant to Miller's petition, 28 U.S.C. § 2244(d) provides:

**(d)(1)** A 1-year period of limitation shall apply to an application for a writ of
habeas corpus by a person in custody pursuant to the judgment of a State court.
The limitation period shall run from the latest of—
        **(A)** the date on which the judgment became final by the conclusion of
        direct review or the expiration of the time for seeking such review;
**....**
 **(2)** The time during which a properly filed application for State post-conviction
or other collateral review with respect to the pertinent judgment or claim is
pending shall not be counted toward any period of limitation under this
subsection.

28 U.S.C. § 2244(d).

After his April 1999 sentencing Miller filed a motion for leave to appeal his sentence

which was denied on June 22, 1999.  (Docket No. 9 at 8.)  Next Miller filed a petition for post-conviction review on March 2, 2000.  (Id. at 9.)  The Superior Court granted the State's motion to dismiss on March 10, 2003.  (Id. at 13.)  The Maine Law Court denied a certificate of probable cause on May 21, 2003.  (Id.)  Miller filed another petition for post-conviction review on June 30, 2006.

The first day of Miller's 28 U.S.C. § 2244(d)(1)(A) year was September 21, 1999, ninety days after the June 22, 1999, denial of his leave to appeal, when Miller's time for seeking review by the United States Supreme Court lapsed.  See Lawrence v. Florida, __ U.S. __, _ 127 S. Ct. 1079, 1083-84 (2007); Clay v. United States, 537 U.S. 522, 527-529, 532 (2003).  This means that 163 days of his year ran prior to his filing of his first state court post-conviction.[1]  This filing tolled the running of the year -- per § 2244(d)(2) -- until the Law Court's denial of certificate of probable cause on May 21, 2003.  Therefore, even before the filing of Miller's second, 2006 state court post-conviction petition, the remaining 202 days of his federal statute of limitation period had indubitably run.  Accordingly, Miller's § 2244(d)(1)(A) year having long run, his § 2254 petition is time-barred.[2]

---

[1]     I don't count March 2, 2000 here.

[2]     The 28 U.S.C. § 2254 petition includes the five grounds all directed at the denial of Miller's grounds in his 2006 post-conviction review petition.  (See Docket No. 1 at 6-12; Docket No. 1-2 at 1-9.)  These claims do not generate any possibility that they would fall within the ambit of 28 U.S.C. § 2244(d)(1)(B),(C), or (D).

In addition -- even if this Court could review the state court's determination apropos the 2006 post-conviction petition-- the decision by the Superior Court summarily dismissing the petition on the ground that it is time-barred under the statute of limitations governing those actions, see 15 M.R.S. § 2128(5), is a careful, unimpugnable determination that meets the mark of an "independent and adequate state law ground."  See Coleman v. Thompson, 501 U.S. 722, 729 (1991); Clements v. Maloney, 485 F.3d 158 (1st Cir. 2007); see e.g., Phillips v. Ferguson, 182 F.3d 769, 774 -75 (10th Cir. 1999); Scales v. New York State Div. of Parole, 396 F.Supp.2d 423, 429 -431 (S.D.N.Y. 2005).

*Conclusion*

Miller's petition is untimely under 28 U.S.C. § 2244(d) and I recommend that the Court

**DENY** Miller 28 U.S.C. § 2254 relief.

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof.  A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

May 7, 2008.                                    /s/Margaret J. Kravchuk
                                                U.S. Magistrate Judge